**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES HOPE** | ) | **Case Number** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| **COLLECTCORP CORPORATION** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, James Hope, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

## I. INTRODUCTORY STATEMENT

1. Plaintiff, James Hope, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant conducts business in the District amd maintains a registered office in the District.

## III. PARTIES

4. Plaintiff, James Hope, is an adult natural person residing at 20870 Syracuse Avenue, Warren, Michigan 48091. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, CollectCorp Corporation ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the state of Michigan with it's principal location located at 455 North 3rd Street, Suite 260 Phoenix, AZ 85004 and a registered office located at 116 Pine Street, Ste 320, Harrisburg, PA 85004.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around October, 2009, Plaintiff began receiving calls to his place of employment from Defendant collecting on a debt allegedly owed to Bank of America for approximately $6,600.00

8. Plaintiff informed Defendant's agents that his employer had a "no-call" policy and that he could not take personal calls.

9. Defendant's agent, "Miss Gordon", continued to call Plaintiff at his palce of employement.

10. Plaintiff was forced to take the calls in his boss's office where the main phone was located.

11. Plaintiff was informed by his employer that they were keeping track of his calls.

12. Plaintiff was warned by his employer that if the calls continued during the work day he could be dismissed from his position.

13. Plaintiff informed Defendant's agent, "Miss Gordon", that he had retained the services of the law firm Persels & Associates and that she would need to contact them directly on the collection of this matter.

14. Defendant's agent, "Miss Gordon", told the Plaintiff that she would not work with Persels & Associates because the were a third party.

15. "Miss Gordon" stated that waiting on payment from Persels & Associates would take too long.

16. Defendant's agent, "Miss Gordon", falsly informed Plaintiff that she was directly with Bank of America and that he had to pay her because she was a "first party".

17. Plaintiff has received a call to his place of employment every Tuesday and Thursday from October, 2009 to the present.

18. Defendant's agent, "Miss Gordon", continues to tell the Plaintiff that Persels and Associates can not do anything to help him.

19. On or about February 12, 2010, Plaintiff's parents received a call from Defendant's agent, "Miss Gordon", asking if they knew his whereabouts.

20. Plaintiff's parent's did not give Defendant's agent any information on their son.

21. On or about February 18, 2010, Plaintiff received another call from Defendant's agent, "Miss Gordon", looking for payment on the aforementioned debt. "Miss Gordon", informed the Plaintiff that he needed to take a loan to get this account paid.

22. "Miss Gordon", suggested that the Plaintiff refinance his home to get the money.

23. Plaintiff was also told that he should borrow money from his parents.

24. On or about that same date, February 18, 2010, Persels and Associates, sent a "cease and desist" letter to Defendant informing them that they were representing the Plaintiff with their debt settlement and that they would need to cease all further contact pursuant to The Fair Debt Collection Practices Act. **See Exhibit "A" (letter) attached hereto.**

25. Persels & Associates also informed Defendant that they were acting as the Limited Power of Attorney for the Plaintiff.

26. Plaintiff continues to get calls from Defendant and their agents.

27. Plaintiff was threatened with a lawsuit if he did not find a way to rectify his outstanding debt.

28. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

29. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

31. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

32. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

**COUNT I - FDCPA**

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(6) | Contact of Third Party: After knowing the consumer is represented by an attorney |
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer |
| §§ 1692c(a)(2) | After it knows the consumer to represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3) | At place of employment when knows that the employer prohibits such communication |
| §§ 1692c(c) | After written communication that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive or misleading representation or means in connection with debt consolidation |
| §§ 1692e(2) | Character, amount, or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken |

| | |
|---|---|
| §§ 1692e(10) | Any false representation or decetive means to collect a debt or obtain information about a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, CollectCorp Corporation for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: March 1, 2010**

**BY: /s/Brent F. Vullings**
Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800 Fax 215-745-7880
Attorney for Plaintiff